### McCAFFREY v. ELLIOTT et al.
### No. 6799.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1933.

S. J. Barco and James M. Carson, both of Miami, Fla., for appellant.

James E. Calkins, J. N. Morris, John J. Lindsey, Paul D. McGarry, and John C. Sullivan, all of Miami, Fla., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit brought by the trustee in bankruptcy of the Miami Sign Company, formerly the E. B. Elliott Advertising Company, against its former president, E. B. Elliott, and other officers and certain individuals and corporations, to recover assets of the bankrupt, alleged to have been transferred to them in fraud of creditors, prior to bankruptcy, while the corporation was insolvent. On a former appeal, we reversed a judgment dismissing the bill, and remanded the case for further proceedings. McCaffrey v. Elliott et al. (C. C. A.) 47 F.(2d) 72. The bill is lengthy, occupying, with exhibits, over 40 pages of the printed transcript. It would be impracticable to even briefly state all the allegations of the bill. The bill claimed the restitution of a yacht, the Alwilda, and two lots of ground in Coral Gables. The bill further alleged that the assets of the bankrupt had been used for the organization of the Elliott-Claude Neon Lights, Inc., and later a stock dividend was declared by that company and 1,200 shares were delivered to Elliott and six other named persons. With appropriate allegations of fraud, the return of this property and an accounting were prayed for. On the second trial of the case, the District Court made elaborate findings of facts, reviewing extensively the testimony of a number of witnesses. The claims to the yacht and the lots in Coral Gables were abandoned. The judgment ordered the 1,200 shares of stock in the Elliott-Claude Neon Lights, Inc., which name had been changed to the Claude Neon Southern Corporation, delivered over to the trustee but rejected all other claims, including a claim against the Third National Bank, to set aside a preference, alleged to have resulted from the pledge to that bank of 550 shares of the preferred stock of the E. B.

Elliott Advertising Company. This appeal followed.

The assignment of errors is not very helpful. Error is assigned to the judgment generally and to the sustaining of objections to two questions asked a witness, George S. Reid, on cross-examination, relative to the pledge of the 550 shares of stock to the bank. It is apparent that these last two assignments are entirely without merit. The assignments of error do not point out specifically any errors in the findings of facts by the District Court. These findings are sufficient to sustain the judgment rendered. An examination of the evidence fails to disclose any substantial errors in the findings. As the hearing was held in open court and the District Judge saw and heard the witnesses, we are content to concur in his conclusions.

The record presents no reversible error. Affirmed.